```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
```

BRIAN WALKER,

        Plaintiff,

    -v-                                    17-cv-06138

NANCY A. BERRYHILL,                **DECISION AND ORDER**
ACTING COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.

**I.   Introduction**

Plaintiff Brian Walker ("plaintiff") commenced the instant action on March 8, 2017, seeking review of defendant the Acting Commissioner of Social Security's ("defendant") denial of his application for Social Security benefits. Docket No. 1. Plaintiff was granted permission to proceed *in forma pauperis*, and the Court ordered that the United States Marshals Service (the "USMS") serve the summons and complaint on defendant. Docket No. 3. The USMS served defendant on April 3, 2016. Docket No. 5.

Pursuant to this Court's Standing Order In the Matter of Actions Seeking Review of the Commissioner of Social Security's Final Decisions Denying Social Security Benefits entered on September 6, 2013 (the "Standing Order"), defendant had 90 days from service of the complaint in which to file certified transcript of administrative proceedings, which constitutes her answer. Accordingly, the certified transcript of administrative proceedings was required to be filed no later than July 3, 2017. However, it appears that the case administrator who filed the executed summons made an error in the docket entry, and indicated that the answer

was due by June 26, 2017. Docket No. 5. Defendant filed the certified transcript of administrative proceedings on June 28, 2017. Docket No. 9.

In letters dated June 28, 2017, and August 8, 2017, plaintiff requested that the Court enter a default judgment against defendant. Docket Nos. 10, 12. On August 9, 2017, the Court sent plaintiff a letter in which it explained that (1) requests for default judgment cannot be made by letter and (2) no default has occurred in this case.

Plaintiff has now filed a motion for default judgment. Docket No. 15. For the reasons discussed below the motion is denied.

## II. Discussion

Plaintiff seeks default judgment against defendant because the certified transcript of administrative proceedings was not filed until June 28, 2017. Plaintiff is not entitled to this relief.

As a threshold matter, plaintiff has not properly sought default judgment. Pursuant to Federal Rule of Civil Procedure 55(a), before making a motion for default judgment, plaintiff was first required to seek a Clerk's entry of default. He did not do so, and so his motion is procedurally deficient.

Moreover and more importantly, as explained above, there has been no default in this case. Defendant's answer was not due until July 3, 2017, and was filed on June 28, 2017. The fact that the case administrator made an erroneous entry on the docket is not the fault of defendant, and does not change or subvert the clear deadline set forth in the Standing Order. Plaintiff's motion

2

therefore must fail on the merits, as well.

Moreover, even had defendant missed the deadline to file her answer by two days, the Court still would not enter a default judgment. The decision whether to set aside an entry of default is "committed to the sound discretion of the district court," *Traguth v. Zuck*, 710 F.2d 90, 94 (2d Cir. 1983) and "the extreme sanction of a default judgment must remain a weapon of last, rather than first, resort." *Meehan v. Snow*, 652 F.2d 274, 277 (2d Cir. 1981). In determining whether to excuse a party's default, the Court considers whether the default was wilful, whether there has been prejudice to the other party, and whether a meritorious defense is presented. *Id.* Here, these factors overwhelmingly lead to the conclusion that entry of default judgment is inappropriate. There is no evidence that any delay was wilful, there has been no prejudice to plaintiff, and defendant has presented a potentially meritorious defense. As such, even assuming that plaintiff were correct and defendant had missed the filing deadline by two days, the Court would not enter a default judgment.

**III. Conclusion**

For the foregoing reasons, plaintiff's motion for a default judgment is denied. Plaintiff's response to defendant's motion for a judgment on the pleadings remains due by August 30, 2017.

    **ALL OF THE ABOVE IS SO ORDERED.**

                                            S/Michael A. Telesca
                                            HON. MICHAEL A. TELESCA
                                            United States District Judge

Dated:    August 18, 2017
           Rochester, New York